# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 202

Omar Mohamed Kalmio,                                    Petitioner and Appellant

v.

State of North Dakota,                                 Respondent and Appellee

### No. 20250259

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Per Curiam.

Peter B. Wold (argued), Minneapolis, MN, and Omar Mohamed Kalmio (on brief), self-represented, Bismarck, ND, for petitioner and appellant.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, ND, for respondent and appellee.

**Kalmio v. State**
**No. 20250259**

**Per Curiam.**

[¶1] Omar Kalmio appeals from an order denying his request for postconviction relief. A jury found Kalmio guilty of four counts of class AA felony murder. His conviction was affirmed on direct appeal. *See State v. Kalmio*, 2014 ND 101, 846 N.W.2d 752. We affirmed denial of his first application for postconviction relief in *Kalmio v. State*, 2019 ND 223, 932 N.W.2d 562. *See also Kalmio v. State*, 2018 ND 182, 915 N.W.2d 655 (affirming in part and reversing in part the judgment denying his first application and remanding for additional proceedings). We also affirmed the denial of his second application for postconviction relief in *Kalmio v. State*, 2020 ND 141, 945 N.W.2d 264. Kalmio subsequently filed documents in his second postconviction case, styled as a motion under N.D.R.Civ.P. 60(b), seeking relief from the order denying his application. The district court denied Kalmio relief finding that his motion was untimely, a misuse of process, and barred by the Uniform Postconviction Procedure Act's two-year deadline.

[¶2] Kalmio argues the district court misapplied the N.D.R.Civ.P. 60(b) timing requirements; he was entitled to a hearing; and he discovered new evidence demonstrating he has not misused the postconviction relief process. We treat Kalmio's filing as a successive postconviction relief application. *See Atkins v. State*, 2021 ND 34, ¶ 8, 955 N.W.2d 109 (stating "if an applicant files a N.D.R.Civ.P. 60(b) motion relating to the underlying order denying postconviction relief, it will be treated as another postconviction relief application"). We conclude the court did not err when it decided Kalmio's successive filing constitutes a misuse of process and is barred by the Uniform Postconviction Procedure Act's two-year filing deadline. *See* N.D.C.C. §§ 29-32.1-01(2) (providing the deadline), 29-32.1-09.1(1) (authorizing summary disposition), and 29-32.1-12(2) (defining misuse of process). We summarily affirm under N.D.R.App.P. 35.1(a)(6).

[¶3] Jon J. Jensen, C.J.
       Daniel J. Crothers

1

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr